**Kay D. SMITH, Plaintiff,**

v.

**SOUTHERN STARR OF ARKANSAS, INC. d/b/a KZLR Radio, Defendant.**

**No. LR–C–88–574.**

United States District Court, E.D. Arkansas, W.D.

Nov. 22, 1988.

Morgan E. Welch, North Little Rock, Ark., for plaintiff.

Pamela D. Walker, Little Rock, Ark., for defendant.

### ORDER

HENRY WOODS, District Judge.

Pending now is the motion of the defendant, Southern Starr of Arkansas, Inc., d/b/a KZLR Radio (KZLR), to dismiss Counts II and III of plaintiff Kay D. Smith's complaint. For the reasons that follow, the motion to dismiss Count II of the complaint is granted and the motion to dismiss Count III of the complaint is denied.

### BACKGROUND

Smith brings this action pursuant to the Age Discrimination in Employment Act (ADEA), 29 U.S.C. § 621 *et seq.*, and under the state-tort-law theories of wrongful discharge (Count II) and intentional infliction

of emotional distress ("outrage") (Count III). She alleges that she worked for KZLR as a radio sales account executive from April, 1987 to April, 1988, at which time she was terminated ostensibly for "not producing." Her ADEA claim is based on the allegations that KZLR's articulated reason for her discharge is pretextual and that she was actually terminated because of her age, 48. In support of this claim, she states that she was the "top producer" for eight months of the eleven she was employed.

Smith's pendent claims for wrongful discharge and outrage are also based upon the allegedly age-based termination. Smith argues that such a termination is against the public policy of Arkansas and, therefore, within a recognized exception to Arkansas' employment at will doctrine which ordinarily bars a wrongful termination claim. She further argues, in support of her outrage claim, that KZLR should have known its intentional discrimination was extreme and outrageous and would cause emotional distress. KZLR now moves to dismiss these two state law claims under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim.

## DISCUSSION

For the purpose of KZLR's motion to dismiss, the court will examine the pleadings in the light most favorable to Smith, and will take all of the allegations in her complaint as true. And viewing the pleadings in this manner, the court will grant KZLR's motion only if it appears that Smith could prove no set of facts which would entitle her to relief. Under the facts of this case the court finds that Count III of Smith's complaint states a claim, but that Count II does not.

■ The Supreme Court of Arkansas has recently reaffirmed its adherence to the "at will" employment doctrine. *See Gladden v. Arkansas Children's Hospital,* 292 Ark. 130, 728 S.W.2d 501 (1987). The rule, as stated in *Gladden,* is that an employer or employee can terminate the employment relationship at will unless: (1) the employment contract is for a definite term, or (2) there is an *express provision* prohibiting terminations except for cause. (emphasis

in original). Smith has not alleged either that she was employed for a definite term or that an express "for cause" provision existed. She must, therefore, be considered to be an "at will" employee under Arkansas law.

■ Having determined that Smith was an "at will" employee, the question is whether the facts alleged in her complaint state a claim for either wrongful termination or outrage under Arkansas law. With respect to the wrongful termination claim, Smith argues that there is a public policy exception to the "at will" doctrine which qualifies an employer's otherwise absolute right to terminate an employee without cause. Her theory is that there is a well-established public policy of good faith and fair dealing implied in every contractual relationship, a violation of which gives rise to liability. This argument is rejected.

If the court were to hold that an employer cannot terminate an "at will" employee unless it is done for a good faith reason, an exception would be created that would completely swallow the rule. The Arkansas courts have recognized as much and this court is bound by their interpretation of Arkansas tort law. *See e.g., Scholtes v. Signal Delivery Service, Inc.,* 548 F.Supp. 487, 494 (W.D.Ark.1982) (Arkansas courts would recognize implied in fact good faith term but not implied in law good faith term); *Griffin v. Erickson,* 277 Ark. 433, 642 S.W.2d 308 (1982) (employer's right to terminate an "at will" employee is unconditional and absolute).

■ But, Smith's outrage claim stands on somewhat different footing. In *M.B.M. Co., Inc. v. Counce,* 268 Ark. 269, 596 S.W.2d 681 (1980), the court defined the tort of outrage as

conduct that is so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized society.

The court also stated that an employer-employee relationship, if abused, could sustain the cause of action. The focus in the employer-employee context is not on the fact of the discharge, but rather, is on the manner in which the discharge is accomplished

**1028**

or the circumstances under which it occurs. *Harris v. Arkansas Book Co.*, 287 Ark. 353, 700 S.W.2d 41 (1985). Thus, an "at will" employee can prevail on an outrage claim if she can prove that the employer accomplished the termination in a manner which constitutes outrageous conduct as defined in *Counce*.

Based upon the bare pleadings in this case, the court cannot say that Smith will be unable to prove that the circumstances surrounding her discharge constituted outrageous conduct. Although it is the court's opinion that Smith will likely not prevail on her outrage claim, that is not the test on a motion to dismiss. KZLR's motion to dismiss Count III of the complaint must, therefore, be denied.

CONCLUSION

For the reasons above stated, the defendant's motion to dismiss Count II of the plaintiff's complaint is granted and the defendant's motion to dismiss Count III of the plaintiff's complaint is denied.

IT IS SO ORDERED.